UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-CV-114-KSF

APPALACHIAN REGIONAL HEALTHCARE, et al.                        PLAINTIFF

vs.                                **OPINION AND ORDER**

COVENTRY HEALTH AND LIFE
INSURANCE COMPANY, et al.                                      DEFENDANTS

* * * * * * * *

This matter is before the Court on the motion of Plaintiffs Appalachian Regional Healthcare, Inc., and ARH Mary Breckinridge Health Services, Inc., collectively "ARH," to file a Second Amended Complaint. For the reasons discussed below, the motion will be granted.

**I.    BACKGROUND**

Much of the background in this case was described in the Court's prior Opinion and Order granting a preliminary injunction in favor of ARH on June 20, 2012 [DE 67], which Order is currently on appeal to the Sixth Circuit. At present, ARH seeks to file an amended complaint against the federal Centers for Medicare and Medicaid Services ("CMS") for failing to follow various statutory directives when it approved Kentucky's Managed Care Waiver. The Second Amended Complaint alleges that the action of the Department of Health and Human Services' Secretary in approving the Section 1915(b) Waiver for the Kentucky Medicaid Program violates the Administrative Procedure Act ("APA") because it is arbitrary, capricious, an abuse of discretion and not in accordance with law. DE 122-1; 5 U.S.C. § 706(2)(A). The proposed complaint also seeks a declaration that the approval of the Waiver was similarly in violation of the Medicaid Act and that the Waiver is unlawful and invalid. See ¶ 122. No new claims are added against Coventry Health and Life Insurance Company ("Coventry") or the Kentucky Cabinet for Health and Family Services ("Cabinet").

The Cabinet opposes the motion to amend, claiming the proposed amendment is futile because it could not withstand a Rule 12(b)(6) motion to dismiss. DE 128 at 2. It argues sovereign immunity and the absence of any waiver through the Medicaid Act. It argues that states have the statutory right to challenge disapproval of a state plan or waiver through administrative proceedings, but no right is given to hospitals to challenge favorable action approving a waiver. *Id.* at 3. The Cabinet contends that "Plaintiffs want this Court to order CMS to sanction Kentucky by withholding federal FFP [federal financial participation] funds" based on speculative claims that it would result in more generous reimbursement rates for ARH. *Id.* at 4. It further argues that the APA is not an independent grant of subject matter jurisdiction and that judicial review of a federal agency action is precluded if the action is "committed to agency discretion by law." *Id.* at 5. It claims that Kentucky hospitals "lack standing to force CMS to exercise its enforcement discretion" and that a decision not to prosecute or enforce "is a decision generally committed to an agency's absolute discretion." *Id.* at 5-6. The Cabinet also cites various authorities holding that there is no cause of action for hospitals to challenge the adequacy of the rates they receive, nor is there a "takings" claim. *Id.* at 7. Because approval of Kentucky's managed care has already occurred, the Cabinet contends that any "challenge to that decision is moot." *Id.*

## II.     ANALYSIS

Rule 15(a) provides that leave to amend a pleading should be given freely by a court "when justice so requires." "The decision as to whether justice requires the amendment is committed to the district court's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). "[C]ourts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party." *Id.* at 560. Here, the Cabinet does not claim either delay or prejudice. Instead, the opposition focuses on futility.

This Court disagrees that the amendment would be futile. The amendment seeks to add CMS as a party and have its approval of the Waiver set aside pursuant to the Administrative

2

Procedure Act. 5 U.S.C. §§ 701-706. In *Douglas v. Independent Living Center of Southern California, Inc.*, 132 S. Ct. 1204 (2012), the court said:

> The Act provides for judicial review of final agency action. § 704. It permits any person adversely affected or aggrieved by agency action to obtain judicial review of the lawfulness of that action. § 702. And it requires a reviewing court to set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." § 706(2)(A).

*Id.* at 1210. The proposed Second Amended Complaint claims are premised on CMS' failure to comply with specific federal statutory, mandatory prerequisites when approving the Waiver, rather than some discretionary function, and thus are grounded in federal agency action that may be reviewed under the APA. It alleges that CMS' approval of the waiver was "arbitrary, capricious, or otherwise contrary to law." Second Amended Complaint ¶¶ 117, 122.

Several courts have recognized the right of aggrieved parties to use the APA to challenge the affirmative approval of state Medicaid plan amendments or waivers. In *G. v. Hawaii*, 676 F. Supp.2d 1006 (D. Hawaii 2009) the court reviewed under the APA the decision by CMS to issue a 42 U.S.C. § 1315(a) waiver and CMS' review of the sufficiency of the networks of providers. In *Knapp v. Armstrong*, No. 1:11-cv-307-BLW, 2012 WL 640890 (D. Idaho Feb. 26, 2012), the court agreed that plaintiffs could amend their complaint to challenge CMS' decision to approve a waiver amendment under the APA. *Id.* at *4-5. In *Multicare Medical Center v. State*, No. C88-421Z, 1990 WL 284509 (W.C. Wash Nov. 28, 1990), the court also recognized "that the Secretary's approval of the plan amendments at issue in this case is properly subject to judicial review under the APA." *Id.* at *3.

By contrast, the Cabinet's cited authorities in which CMS was encouraged to take some sort of action against a state have no applicability here. For example, *Concilio de Salud Integral de Loiza, Inc. v. U.S. Department of Health and Human Services*, 538 F. Supp. 2d 139 (D.D.C. 2008), relied upon heavily by the Cabinet, did not challenge any "action" on the part of the federal government, such as approval of a waiver or state's plan amendment. Rather, it involved an effort on the part of a group of federally qualified health centers to force CMS to impose sanctions on

3

Puerto Rico relating to payments Puerto Rico was supposed to be making to the group. The court held that "the Secretary's determination as to whether to bring an enforcement action against the Commonwealth is an action committed to agency discretion by law and is not subject to court review." *Id.* at 145-6. The parties were relying merely on the "inaction" of CMS, rather than any decision subject to review under the APA. The same is true for *Arthur C. Logan Mem. Hosp. v. Toia*, 441 F. Supp. 26 (S.D.N.Y. 1977); *Phoenix Baptist Hosp. & Med. Ctr. v. United States*, 937 F.2d 452 (9th Cir. 1991); and *Steele by Steele v. Magnant*, 796 F. Supp. 1143 (N. D. Ind. 1992), the other cases relied upon by the Cabinet. None sought review of an affirmative action by CMS; all dealt with CMS' authority to sanction states that did not comply with the Medicaid Act.

The proposed complaint also sets out the ways in which CMS' unlawful approval of the Waiver has resulted in the numerous issues evident in Kentucky's hastily concocted managed care program and the harms ARH has suffered. The claims are not "speculative." Moreover, the proposed complaint does not challenge ARH's Medicaid rates or assert any "takings" claim against CMS. The Cabinet's arguments to the contrary are misplaced. Interestingly, the Cabinet admitted in its motion for summary judgment that CMS is a "necessary and indispensable party to any claim related to the Medicaid Managed Care Waiver and any federal statutes or regulations implicated." DE 57-1 at 21. For all of the foregoing reasons, the motion to amend should be granted.

### III.    CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion to file a Second Amended Complaint [DE 122] is **GRANTED**, and the Clerk is **DIRECTED** to file the Second Amended Complaint in the record.

This March 28, 2013.



Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**