UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:12-CV-114-KSF

APPALACHIAN REGIONAL HEALTHCARE, et al.  PLAINTIFFS

and

ASHLAND HOSPITAL CORPORATION
d/b/a/ KING'S DAUGHTERS, et al.  INTERVENING PLAINTIFFS

vs.  **OPINION AND ORDER**

COVENTRY HEALTH AND LIFE
INSURANCE COMPANY, et al.  DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on motions by the Cabinet for Health and Family Services ("Cabinet") to dismiss or grant summary judgment on Plaintiffs' ("ARH") Second Amended Complaint and King's Daughters' Intervening Complaint. For the reasons discussed below, the motions will be granted in part and denied in part.

**I.  BACKGROUND**

ARH's Second Amended Complaint did not raise any new allegations against the Cabinet. Instead, it added new defendants and alleged claims against the new parties. Because the Second Amended Complaint incorporated the First Amended Complaint, the Cabinet, for the first time, moved to dismiss the allegations against it in the First Amended Complaint.

The Intervening Complaint by King's Daughters makes many of the same allegations as ARH's First Amended Complaint. The Cabinet repeats many of the same arguments in its motion to dismiss the Intervening Complaint. In fact, much of the present motion to dismiss is simply a rehash of the Cabinet's motion for summary judgment, which was denied September 11, 2013. DE 161.

The Cabinet also incorporates Coventry's motions to dismiss the Second Amended Complaint and King's Daughters' Intervening Complaint. Coventry's arguments were rejected in this Court's Opinion dated January 24, 2014. DE 171.

## II. ANALYSIS

### A. Standard for Motion to Dismiss

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *abrogating Conley v. Gibson*, 355 U.S. 41 (1957). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (same). In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). Courts may consider a document referenced in the complaint and central to the plaintiff's claim without converting the motion to one for summary judgment. *Greenberg v. Lie Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

### B. Cabinet's Motion to Dismiss ARH's Second Amended Complaint

Only three[1] of the claims in ARH's complaint are claims against the Cabinet; the rest are claims against only Coventry and are irrelevant to the Cabinet's motion to dismiss. Count V alleges that the Cabinet and Coventry conspired to effect an unconstitutional taking by entering into a contract to pay only 90 percent of the Medicaid rate for emergency room ("ER") services. ARH alleges that Coventry and the Cabinet are jointly and severally liable for damages resulting from these violations of ARH's rights. DE 5 at ¶¶ 119-123. Count VI alleges that ARH is entitled to the

---

[1] The Cabinet states that Counts VII and IX are the only claims against it. DE 144-1 at 9. The Court disagrees.

2

reasonable value of any non-ER services provided to Coventry members. *Id.* at ¶¶ 124-127. Count VII alleges that, to the extent Coventry does not reimburse ARH promptly and/or in the required amounts, ARH is entitled to recover under its Provider Agreements with the Cabinet. *Id.* at ¶¶ 128-132.

The Cabinet argues for dismissal on grounds that the Eleventh Amendment and Sovereign Immunity deprive the Court of jurisdiction to consider ARH's claims, that the taking claim is not ripe, that there is no federal right to vindicate, that ARH does not have standing, and that ARH's claims would fail even if there were standing and if the Cabinet was not immune. DE 144. ARH responds that the Cabinet waived its immunity by participating in the litigation; the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), applies for ongoing violations of federal law; the Medicaid Act creates enforceable rights; the unconstitutional taking claim is ripe; ARH has standing; and there is no exhaustion requirement.

Many of these arguments were decided in this Court's Opinion dated September 11, 2013. For example, the Opinion concluded that there was no litigation waiver by the Cabinet (DE 161 at 3-5), that the *Ex Parte Young* exception applies with respect to sovereign immunity (*id.* at 5-7*)*, that ARH has standing to bring its claims (*id*. at 8-10), that there is a private cause of action for providers under the Medicaid statute (*id.* at 10-15), that ARH's claim of unconstitutional taking is ripe (*id.* at 16), and there is no need for ARH to exhaust administrative remedies (*id.*).

The Cabinet raises a few new variations of its arguments in the present motion to dismiss. Regardless of ARH's allegations concerning the Cabinet's role in conspiring to impose reduced payments for out-of-network services, the Cabinet contends that the determination that Coventry is liable for 100 percent of the Medicaid rate for emergency room services and the "reasonable value" of non-emergency services (DE 130 at 8) makes any claim against the Cabinet moot now. However, a determination of liability on the part of one defendant does not preclude culpability on

3

the part of another defendant. Prospective injunctive relief may be granted to preclude such contracts by the Cabinet in the future.

The Cabinet further argues that, instead of accepting improperly reduced rates, ARH could simply abandon 50 percent of its patients and refuse Medicare and Medicaid payments. "If King's Daughters and ARH believe their rate of reimbursement for OON Coventry members is too low, they may vote with their feet and decline to accept Medicaid and Medicare...." DE 151 at 7. The Cabinet repeatedly mischaracterizes this case as a rate dispute between Coventry and ARH or between Coventry and King's Daughters. Instead, the Sixth Circuit described the situation more accurately: "Coventry's stratagem was to put Appalachian [ARH] in the middle of its fight with the Cabinet to pressure policymakers to solve Coventry's financial problems." *Appalachian Regional Healthcare, Inc. v. Coventry*, 714 F.3d 424, 428 (6th Cir. 2013).

With respect to recovery of damages from the Cabinet, ARH argues that the Cabinet is contractually obligated, through its Provider Agreements with ARH, to pay ARH's Medicaid claims. DE 149 at 8. Assuming, for the sake of argument, that those agreements are still in effect, the Cabinet's defense of sovereign immunity is not overcome by a mere contract. "The doctrine [of sovereign immunity] extends to both actions in tort and in contract." *Ammerman v. The Board of Education of Nicholas County*, 30 S.W.3d 793, 797 (Ky. 2000). Accordingly, the Cabinet's motion to dismiss ARH's demands for damages from the Cabinet will be granted.

### C. Cabinet's Motion to Dismiss the Intervening Complaint

The Intervening Complaint alleges many claims against Coventry, but raise only two claims against the Cabinet. First, King's Daughters alleges a conspiracy by the Cabinet and Coventry to pay only 90 percent of the Medicaid rate for out-of-network services and a resulting unconstitutional taking. DE 119-3 at ¶¶ 150-154. Second, they allege that the Cabinet is ultimately responsible for reimbursing King's Daughters for medical services provided to Medicaid beneficiaries and for any

damages caused by violations of laws by Coventry, to the extent that Coventry does not provide that compensation. *Id.* at ¶¶ 159-163.

The Cabinet's argument that the takings claim is not ripe was previously rejected by this Court. DE 161 at 6. King's Daughters' demand for damages from the Cabinet, however, has not been addressed before. For the same sovereign immunity reasons that ARH cannot collect damages from the Cabinet, neither can King's Daughters.

## III. CONCLUSION

**IT IS ORDERED** that the Cabinet's motion to dismiss ARH's Second Amended Complaint [DE 144] and motion to dismiss King's Daughters Intervening Complaint [DE 143] are **GRANTED IN PART** and **DENIED IN PART**. The motions are granted to the extent that monetary damages are demanded from the Cabinet; otherwise, the motions are denied.

This February 4, 2014.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**