UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **APPALACHIAN REGIONAL HEALTHCARE, INC., et al.,**<br><br>Plaintiffs and Intervening Plaintiffs,<br><br>V.<br><br>**COVENTRY HEALTH AND LIFE INS. CO., et al.,**<br><br>Defendants. | **CIVIL ACTION NO. 5:12-00114-KKC**<br><br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

The "Federal Defendants," the United States Department of Health and Human Services ("DHHS"), Centers for Medicare and Medicaid Services ("CMS"), and Kathleen Sebelius, Secretary, filed Objections to Magistrate Judge Edward B. Atkins' Order dated April 8, 2014. The Court, having considered the response to the objections and the record herein, will overrule the objections.

I.   **BACKGROUND**

In a Freedom of Information Act matter in the Western District, the Federal Defendants produced a redacted email dated October 18, 2012. This Court was asked to review the email, in camera, to determine whether it should be produced in this action without the redactions. The Federal Defendants opposed production on the grounds that Plaintiffs were "claim splitting" and that the redactions were exempted from disclosure under the deliberative process privilege. DE 167.

Magistrate Judge Atkins found that the documents should be produced with no redactions. DE 188, CM-ECF p. 2. He held that a claim splitting argument is not applicable and would not bar production. He further held that "the deliberative process privilege is designed to

prevent certain information from disclosure under the Freedom of Information Act when a document is (1) predecisional, meaning that it is created prior to the adoption of agency policy, and (2) that it is deliberative, that is actually 'related to the process by which policies are formulated.' *Texaco v. Puerto Rico, Inc. v. Dept. Consumer Affairs*, 60 F.3d 867, 884-85 (1st. Cir. 1995)." *Id. Texaco* further explains that "post-decisional documents explaining or justifying a decision already made are not shielded." *Id.* at 885. The final agency action at issue in this case and in the FOIA request is the September 8, 2011, approval by CMS of Kentucky's request for a waiver under § 1915(b) of the Medicaid Act and its October 2011 approval of the managed-care contracts between Kentucky and the Managed Care Organizations ("MCOs"). DE 5, DE 135 at ¶¶ 16-19. Magistrate Judge Atkins held that CMS' one-year-later email on October 18, 2012 was neither "predecisional nor deliberative." DE 188.

The Federal Defendants object to the April 8, 2014 Order based upon two completely new arguments, which were not presented to the Magistrate Judge, that the email is predecisional to some subsequent decision of whether enforcement action was appropriate and that the email is not part of the Administrative Record. DE 190, CM-ECF pp. 7-10.

## II. ANALYSIS

Rule 72(a) provides that a party may "file objections to the [magistrate's] order." A district judge may "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* This standard of review is a limited and deferential one. *Guiden v. Leatt Corp.*, No. 5:10-cv-175, 2013 WL 45003129 at *3 (W.D. Ky. August 21, 2013); *In re Grand Jury Subpoena dated August 9, 2000*, 218 F. Supp.2d 544, 553 (S.D. N.Y. 2002). "[T]he 'clearly erroneous' standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Guiden,* at *3.* A magistrate judge's legal conclusions are contrary to law if they "contradict or ignore applicable precepts of law found in the Constitution, statutes, or case precedent." *Id.* at *4.

The Magistrate Judge's April 8, 2014 Order was neither clearly erroneous nor contrary to

2

law. The Magistrate Judge found that the email was created after the waiver decision was made and, therefore, was not "created prior to the adoption of agency policy." DE 188, CM-ECF p. 2. He further found that it was not "related to the process by which policies are formulated" and, accordingly, was not deliberative. *Id.* "Because the deliberative process privilege is restricted to the intra-governmental exchange of thoughts that actively contribute to the agency's decision-making process, factual statements or post–decisional documents explaining or justifying a decision already made are not shielded." *Texaco*, 60 F.3d at 884-85. Magistrate Judge Atkins found that the email involved here was such a post-decisional document. DE 188, CM-ECF p. 3.

Magistrate Judge Atkins' Order is supported by the evidence. The email is dated nearly one year after CMS made its decision to approve the waiver. The unredacted portion discusses the rate ranges for the three MCO's prior to approval of the waiver and notes that only two, Wellcare and Coventry, were certified as actuarially sound. It notes that CMS required an amended certification from Kentucky Spirit that its parent company's solvency status assurances were sufficient in relation to the projected losses. The continuation of this discussion is redacted. Thus, this email explains or justifies a decision already made and is not shielded under the deliberative process privilege. The decision of the Magistrate Judge is not clearly erroneous, nor is it contrary to law.

Additionally, an order could not be clearly erroneous or contrary to law for its failure to address arguments that were never made. Therefore, the Court should not consider the new argument on appeal that some other decision was involved. Moreover, CMS' March 2013 letter regarding the redaction states the exemption is "to withhold internal recommendations and opinions concerning agreed upon rates between the State of Kentucky and various Managed Care Organizations (MCOs)." DE 197-2, Page 2. This is confirmation that the email is post-decisional and explains a decision already made, rather than some new enforcement decision as CMS now claims.

3

The Court also should not consider the new and premature argument that the email is not part of the Administrative Record. There has been no finding regarding discoverability of matters outside the Administrative Record. Moreover, the email is relevant to the claims against Coventry and the Cabinet.

Even if the email were encompassed by the deliberative process privilege, that privilege may not be invoked where the decision making process is the subject of the litigation, as it is here. *Burka v. New York City Transit* Authority, 110 F.R.D. 660, 667 (S.D. N.Y. 1986), citing *Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1062 (7th Cir. 1981). *See also In re Grand Jury Subpoena*, 218 F. Supp.2d at 553 ("[I]t is clear that where the documents sought may shed light on alleged malfeasance, the privilege is routinely denied."). Additionally, CMS did not provide the required "specificity and detail" in support of its deliberative process claim. The "overwhelming thrust of FOIA is toward complete disclosure. *Parke, Davis & Co. v. Califano*, 623 F.2d 1, 6 (6th Cir. 1980).

### III. CONCLUSION

**IT IS ORDERED** that the Objections [DE 190] of the Federal Defendants to Magistrate Judge Edward B. Atkins' April 8, 2014 Order are **OVERRULED**, and the **Clerk shall unseal** the unredacted email of October 18, 2012 [DE 189].

This May 13, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4