UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON

| | |
|---|---|
| **APPALACHIAN REGIONAL HEALTHCARE, INC., et al.,**     Plaintiff, | **CIVIL ACTION NO. 5:12-114-KKC** |
| V. | **OPINION AND ORDER** |
| **COVENTRY HEALTH AND LIFE INSURANCE CO.,** **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,**     Defendants. | |

This matter is before the Court on defendant Coventry Health and Life Insurance Co.'s motion (DE 356) requesting that the Court file a redacted copy of the opinion and order entered on September 30, 2016 ruling on Coventry's motion for summary judgment. The Court ordered the opinion to be filed under seal because it discussed matters that the parties had filed under seal. (DE 278, 302, 312).

"The courts have long recognized . . . a strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citation and quotation omitted). The burden is on the party seeking to seal the records. *Id.* "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.*

This means that the party moving to seal court records must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-06 (quotations and citation omitted). Further, if this Court chooses to seal any of its records it "must set forth specific findings and conclusions which justify nondisclosure to the public." *Id.* at 306 (quotations and citation omitted). "That is true even if neither party objects to the motion to seal." *Id.*

Appalachian Regional argues that the entire opinion should remain under seal because it reveals the amounts that other Medicaid MCOs have paid Appalachian Regional for healthcare services. The plaintiff argues this will harm its negotiating position with the MCOs.

In a civil matter like this, however, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (quotations and citation omitted). Appalachian Regional has not demonstrated or even argued that the pricing information at issue falls into any of these exceptions to public access.

Furthermore, the public has a great interest in the administration of the Kentucky's Medicaid program, which is the subject matter of this lawsuit. "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, No. 16-5055, 2016 WL 4410575, at *4 (6th Cir. July 27, 2016) (quoting *Shane Grp.*, 825 F.3d at 305).

Accordingly, the Court cannot find that the public's right to access court records is outweighed in this case by Appalachian Regional's interest in shielding the pricing information from public disclosure. With these considerations in mind, and the strong

2

presumption in favor of openness of court records, the Court hereby ORDERS the Clerk of the Court to UNSEAL the Court's September 30, 2016 opinion and order at Document Entry 351.

Dated October 17, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY