UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON

| | |
|---|---|
| **APPALACHIAN REGIONAL HEALTHCARE, INC., et al.,**  Plaintiff,  V.  **COVENTRY HEALTH AND LIFE INSURANCE CO., UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,**  Defendants. | CIVIL ACTION NO. 5:12-114-KKC  **OPINION AND ORDER** |

  The plaintiffs – referred to collectively as Appalachian Regional – provide healthcare in Kentucky. With their complaint, they challenge certain actions by the state and federal governments and a private managed care organization in the administration of Kentucky's Medicaid program.

  Through prior opinions, the Court has dismissed all of Appalachian Regional's claims against defendant Coventry Health and Life Insurance Co. except for two: an unjust enrichment claim, which charges that Coventry failed to pay Appalachian Regional the reasonable value of non-emergency healthcare services rendered after November 1, 2012 to Coventry's Medicaid members, and a claim that that Appalachian Regional is entitled to interest for those underpayments under Kentucky's so-called prompt-pay statutes. *See* KRS 304.17A-702(1) and 304.17A-730.

  As to the first claim, the Court has ruled that Appalachian Regional is entitled to at most 100 percent of the Medicaid rate for the healthcare services at issue. In its summary judgment motion, Coventry argued that, even if Appalachian Regional is entitled to all 100

percent of the Medicaid rate on the claims at issue, that it has actually overpaid Appalachian Regional. Specifically, it asserted that it overpaid Appalachian Regional on 462 mental health in-patient claims prior to November 1, 2012. Appalachian Regional did not dispute that, if Coventry did overpay it on psychiatric claims, that overpayment should be deducted from any amount owed it on the quantum meruit claim. It did dispute, however, whether there was any overpayment at all.

As to the second claim, the Court ruled that Coventry was not required to pay interest on any alleged underpayments if it complied with KRS § 304.17A-702 by either paying each claim; paying the portion of each claim that was not in dispute and notifying Appalachian Regional why the remainder would not be paid; or by notifying Appalachian Regional that it would pay no part of the claim. Coventry had not submitted evidence that it had complied with that statute and, accordingly, whether Coventry owed interest on any alleged underpayments remains in dispute.

It appears to the Court that there are legal issues that remain unresolved in this action that should be resolved by the Court before a jury is asked to determine the amounts, if any, that Appalachian Regional is entitled to recover from Coventry. The parties have either not addressed or have not sufficiently addressed whether they complied with applicable claims and payment procedures outlined in the Kentucky Insurance Code, KRS § 304.17A-700, *et seq.* and its implementing regulations.

For example, KRS 304.17A-708 provides that an insurer is not required to correct a payment error to a provider if the request to do so comes more than 24 months after the provider received the payment. Likewise, KRS § 304.17A-714 sets forth certain procedures that an insurer must follow in claiming an overpayment. These provisions would seem to be applicable in this case but neither party addressed them in

2

their summary judgment motions. Accordingly, the Court hereby ORDERS as follows:

1) within 30 days of the entry date of this order, Coventry and Appalachian Regional SHALL SUBMIT briefs of no more than 25 pages outlining the applicable payment statutes and regulations with regard to claims for the non-emergency healthcare services at issue in this case and submit evidence of how the parties did or did not comply with those provisions; and

2) response and reply briefs may be filed in accordance with the Local Rules.

Dated January 12, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY